Yonit A. Caplow (018932012)
Dilworth Paxson LLP
2 Research Way
Princeton, New Jersey 08540
Tel: (609) 924-6000
ycaplow@dilworthlaw.com

-and-

Ira N. Glauber
Dilworth Paxson LLP
99 Park Avenue, Suite 320
New York, New York 10016
Tel: (917) 675-4252
iglauber@dilworthlaw.com
*Attorneys for Petitioner Morgan Stanley Smith Barney LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MORGAN STANLEY SMITH BARNEY LLC, | |
| Petitioner, | Civil Action No. _____ |
| - against - | |
| CHARLES SCHWAB & CO., INC., CHRISTOPHER R. ARMSTRONG, and RANDALL B. KIEFNER, | **VERIFIED PETITION TO CONFIRM ARBITRATION AWARD** |
| Respondents. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Petitioner Morgan Stanley Smith Barney LLC ("Morgan Stanley"), respectfully petitions this Court pursuant to the Federal Arbitration Act ("**FAA**"), 9 U.S.C. §§9-13, for confirmation of an Award dated February 27, 2023 in a FINRA arbitration entitled <u>Charles A. Schwab & Co., Inc. v. Morgan Stanley, Christopher R. Armstrong and Randall B. Kiefner</u>, FINRA Case No. 19-00948. A copy of the arbitration Award, dated February 27, 2023 (the "Award"), is annexed hereto as **<u>Exhibit A</u>**.

123175427-7

**PARTIES, JURISDICTION AND VENUE**

1. Petitioner Morgan Stanley Smith Barney LLC ("Morgan Stanley") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York. Morgan Stanley is a securities broker-dealer and a member of the Financial Industry Regulatory Authority, Inc. ("FINRA").

2. On information and belief, Respondent Charles Schwab & Co., Inc. ("Schwab") is a corporation organized under the laws of the State of California, whose principal place of business is located at 211 Main Street, San Francisco, California 94105. Schwab must be named as a respondent in this proceeding because it was a party to the underlying arbitration. However, Morgan Stanley is paying Schwab in full for all amounts ordered in the Award, and therefore Schwab is being named only as a nominal Respondent.

3. On information and belief, Respondent Christopher R. Armstrong ("Armstrong") is a citizen of the State of New Jersey, who resides at 127 ½ 10th Avenue, Spring Lake, New Jersey 07762.

4. On information and belief, Respondent Randall B. Kiefner ("Kiefner") is a citizen of the State of Florida who resides at 1601 Bear Crossing Circle, Apopka, Florida 32703.

5. Neither Morgan Stanley, nor any of its members are citizens of the States of California, New Jersey or Florida. Morgan Stanley, and all of its members, are citizens of the States of Delaware and New York for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as evidenced by the following:

    a. Petitioner Morgan Stanley Smith Barney LLC is a limited liability company organized under the laws of Delaware whose principal place of business is located at 1585 Broadway, New York, New York 10036. It has one member, Morgan Stanley Domestic Holdings, Inc., which is a corporation organized under the laws of Delaware whose principal place of business is located in New York;

      b.      Morgan Stanley Domestic Holdings, Inc. is a corporation wholly owned by Morgan Stanley Capital Management, LLC, which is a limited liability company organized under the laws of Delaware whose principal place of business is located in New York.

      c.      The sole member of Morgan Stanley Capital Management, LLC is Morgan Stanley, which is a publicly held corporation organized under the laws of Delaware whose principal place of business is located in New York, and which has no parent company.

6.      Each of the companies referred to above is organized under the laws of the State of Delaware and has its principal place of business in New York.

7.      The arbitration Award that is the subject of this action (Exhibit A hereto) relates to an arbitration that took place in Jersey City, New Jersey from March 7, 2022 through November 30, 2022.  The arbitration Award was issued pursuant to FINRA's rules.

8.      This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  This Petition to confirm the arbitration Award in question is being made pursuant to 9 U.S.C. § 9.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as this is the judicial district where Respondent Armstrong resides and where the arbitration took place.

## STATEMENT OF FACTS

10.      Armstrong and Kiefner were employed as Financial Advisors at Schwab until March 29, 2019, when they resigned and went to work for Morgan Stanley.  Morgan Stanley terminated their employment on April 11, 2019 because they violated Morgan Stanley's transition policy, among other reasons.

11.      Schwab commenced the arbitration at issue herein on or about April 5, 2019 pursuant to FINRA's rules in a Statement of Claim which alleged that Morgan Stanley, Armstrong, and Kiefner misappropriated confidential information from it.  A copy of Schwab's Statement of

Claim is annexed hereto as **Exhibit B**. The Case Summary on Page 2 of the Award describes Schwab's claims as follows:

> In the Statement of Claim, Claimant asserted the following causes of action: breach of contract; misappropriation of trade secrets (Defend Trade Secrets Act, 18 U.S.C. § 1836 et. seq. and the New Jersey Trade Secrets Act, N.J.S.A. 56:15-1); breach of duty of loyalty; tortious interference with contracts and with prospective business relations; unfair competition in violation of N.J.S.A. 56:4-1; aiding and abetting and participation in breach of duty of loyalty and other unlawful conduct; and civil conspiracy.

12. Armstrong and Kiefner filed a Cross-Claim against Morgan Stanley dated June 14, 2019, a copy of which is annexed hereto as **Exhibit C**. The Case Summary on Page 2 of the Award describes Armstrong's and Kiefner's Cross-Claim against Morgan Stanley as follows:

> In the Cross-Claim, the AP Respondents [Armstrong and Kiefner] asserted the following causes of action: tortious interference with an actual business relationship and contract; tortious interference with a prospective business relationship and contract; breach of contract; breach of covenant of good faith and fair dealing; promissory estoppel; contribution and indemnity; civil conspiracy; defamation; and expungement of Form U5.

13. The Arbitration Panel held more than 20 days of evidentiary hearings, and issued its Award on February 27, 2023. The Award states as follows (on Pages 4-5 thereof):

> "1. Respondents are jointly and severally liable for and shall pay to Claimant the sum of $3,026,485.44 in compensatory damages.
>
> 2. Respondent Morgan Stanley is liable for and shall pay to Claimant the sum of $3,026,485.44 in punitive damages pursuant to Federal and Florida law, and New Jersey Trade Secrets Statutes (DTSA, Section 1836; FL-UTSA, Section 688.004; NJ-UTSA, Section 56:15-4) and New Jersey's Unfair Competition Statute (N.J.S.A. Section 56:4-2).
>
> 3. Respondents are jointly and severally liable for and shall pay to Claimant the sum of $104,833.89 in costs.
>
> 4. Respondents are jointly and severally liable for and shall pay to Claimant the sum of $1,136,459.08 in attorneys' fees pursuant to Defend Trade Secrets Act of 2016, DTSA, Section 1836; FL-UTSA, Section 688.005; NJ-UTSA, Section 56:15-6, and as provided for in Armstrong and Kiefner's

                Agreements with Claimant. (Florida and New Jersey Uniform Trade Secret Act).

5. Morgan Stanley is liable for and shall pay to Christopher Robert Armstrong the sum of $2,850,900.00 in compensatory damages.

6. Morgan Stanley is liable for and shall pay to Randall Brian Kiefner the sum of $1,173,900.00 in compensatory damages.

7. Morgan Stanley is liable for and shall pay to Christopher Robert Armstrong and Randall Brian Kiefner the sum of $672,399.00 in attorneys' fees. Attorneys' fees are awarded as Morgan Stanley promised to engage legal counsel and to "cover everything" if Claimant sued. Attorneys' fees are awarded also pursuant to Revised Uniform Arbitration Act (RUAA) Section 21(b); AAA Commercial Rule 49.; R-49 (d)(ii).

8. Morgan Stanley is liable for and shall pay to Christopher Robert Armstrong and Randall Brian Kiefner the sum of $35,371.76 in costs.

9. Morgan Stanley's Cross-Claim against Christopher Robert Armstrong and Randall Brian Kiefner is denied.

*\*\**

12. Any and all claims for relief not specifically addressed herein are denied."[1]

14. Sections 1, 3, and 4 of the Award state that "<u>Respondents are jointly and severally liable for and shall pay to Claimant</u>" the amounts set forth in those paragraphs (emphasis added). Those amounts are $3,026,485.44 in compensatory damages (Award, section 1), $104,833.89 for costs (Award, section 3), and $1,136,459.08 for attorneys' fees (Award, section 4), for a total "joint and several" payment to Schwab of $4,267,778.41.  In addition, page 8 of the Award states that "the Panel has assessed $52,987.50 of the hearing session fees <u>jointly and severally to Respondents.</u>" (emphasis added).

---

[1] Paragraphs 10-11 of the Award recommended expungement of the reason for termination of employment stated by Morgan Stanley on the Form U-5 with respect to its termination of Armstrong's and Kiefner's employment.

15. The total "joint and several" amount of the Award (sections 1, 3, 4, and the hearing session fees) assessed against all three Respondents in the arbitration -- Morgan Stanley, Armstrong, and Kiefner -- is $4,320,765.91 (the "Common Obligation"). It is comprised of the $4,267,778.41 joint and several amount owed to Schwab, plus the $52,987.50 joint and several amount owed to FINRA for forum fees, for a total of $4,320,765.91.

16. Pursuant to the plain language of the joint and several portions of the Award, each of the Respondents to the Arbitration (Morgan Stanley, Armstrong and Kiefner) are responsible for paying $1,440,255.30 for a total amount of $4,320,765.91 to Schwab and FINRA.

17. In letters dated March 3 and 10, 2023 from Morgan Stanley's counsel to counsel for Armstrong and Kiefner, Morgan Stanley requested that Armstrong and Kiefner confirm that they will each pay their one-third proportionate share of the joint and several portions of the Award. Armstrong and Kiefner replied through their counsel that they will not pay their portion of the Common Obligation to Schwab and FINRA, as required by FINRA's rules.

18. Armstrong and Kiefner are happy to accept the monies awarded to them by the arbitration panel, but are simultaneously intent on shirking their obligation to pay their two-thirds proportionate share of the $4,320,765.91 amount that they were jointly and severally ordered to pay in the Award. The panel held over 20 days of evidentiary hearings, the parties submitted hundreds of pages of legal briefing, and closing arguments alone took nearly a full day. The panel then unanimously rejected the claim of Armstrong and Kiefner for contribution against Morgan Stanley, and instead found Armstrong and Kiefner jointly and severally liable in four separate portions of the Award which total $4,320,765.91. By refusing to pay their proportionate share of this joint and several award, Armstrong and Kiefner are picking and choosing which portions of the Award they like and which ones they will ignore and violate, which is manifestly improper.

19. Morgan Stanley may not agree with the arbitration panel's Award but, unlike Armstrong and Kiefner, will fully honor all of its obligations under the Award and FINRA's rules. Therefore, Morgan Stanley will pay to Schwab the full amount owed to it under sections 1, 3, and 4 of the Award, and will pay FINRA the forum fees ordered on page 8 of the Award within 30 days of the February 27, 2023 date of the Award, i.e., by March 29, 2023 (the "Due Date").[2] Morgan Stanley will be paying the Common Obligation of $4,320,765.91 even though Armstrong and Kiefner are jointly and severally liable for it along with Morgan Stanley, and are obligated to pay their one-third proportionate share of it.

20. By the Due Date, Morgan Stanley also will pay Armstrong and Kiefner the full amounts that it was ordered to pay them in sections 5-8 of the Award. More specifically, Morgan Stanley will pay $2,850,900 to Armstrong, as required under Section 5 of the Award, and $1,173,900 to Kiefner, as required under Section 6 of the Award. Morgan Stanley also will pay Armstrong and Kiefner $672,399 in attorneys' fees and $35,371.76 in costs, as ordered in sections 7 and 8 of the Award. This will result in a payment to Armstrong of more than $3 million, and a payment to Kiefner of approximately $1.5 million.

21. The Award does not state that the amounts set forth therein may be set off against each other. Therefore, Morgan Stanley will not offset its payments to Armstrong and Kiefner against the amounts owed by Armstrong and Kiefner to Morgan Stanley under the "joint and several" portions of the Award. Instead, Morgan Stanley will seek contribution from Armstrong and Kiefner for their proportionate share of the Common Obligation (that is, one-third from Armstrong and one-third from Kiefner) in a separate arbitration that Morgan Stanley is commencing against them for contribution.

---

[2] Morgan Stanley also will pay Schwab by the Due Date the additional $3,026,485.44 that it alone was ordered to pay in section 2 of the Award.

22. Pursuant to common law contribution, persons found jointly and severally liable for a common obligation are obligated to pay their proportionate share of the obligation, which in this case is one-third for each of the Respondents. Whenever a co-obligor pays more than its proportionate share of a common obligation, it is entitled to contribution from the other co-obligors in the amount that it overpaid. In the new arbitration that Morgan Stanley is commencing against Armstrong and Kiefner for contribution, it will seek an award against Armstrong and Kiefner for $1,440,255.30 against each of them, representing their two-thirds proportionate share of the Common Obligation.

23. In their Pre-Hearing Brief to the arbitrators, Armstrong and Kiefner emphasized that the arbitrators sit as a panel in equity and are to render a decision based on equitable principles. They cited the FINRA Arbitrator's Guide which states that an arbitrator is to do equity and reach an equitable result. Now that the arbitration panel ruled that Armstrong and Kiefner are jointly and severally liable for the roughly $4.3 million owed to Schwab and FINRA, they have repudiated their obligation --based on equitable principles embodied in the common law of contribution -- to pay their two-thirds proportionate share of this obligation. Fundamental rules of equity require Armstrong and Kiefner to pay their proportionate share of this common obligation.

## THE PETITION TO CONFIRM SHOULD BE GRANTED

24. In the instant proceeding, Morgan Stanley seeks an Order confirming the Award under 9 U.S.C. §9-13. The Award was duly issued by a panel of FINRA arbitrators after a full evidentiary hearing. While Morgan Stanley sought a different result in the arbitration, and does not agree with the panel's Award, it respects the decision of the arbitrators and will not be seeking to vacate it. Morgan Stanley will honor the panel's Award —all of it and not just the rulings that favor Morgan Stanley.

25. Counsel for Armstrong and Kiefner have advised counsel for Morgan Stanley that they do not see any grounds for anyone to seek to vacate the Award. Obviously, this includes the panel's four separate findings of joint and several liability on the part of Armstrong and Kiefner. While Armstrong and Kiefner have stated that they do not intend to move to vacate the Award, they have made it clear that they will not honor the joint and several portions of the Award. They should not be permitted to do this.

26. In conclusion, the Award should be confirmed because Morgan Stanley is paying the Award in full, and there are no grounds for any party to object to confirmation of the Award. Morgan Stanley will commence a new arbitration to obtain contribution from Armstrong and Kiefner for their two-thirds proportionate share of the $4,320,765.91 joint and several portions of the Award, in the amount of $1,440,255.30 for each of Armstrong and Kiefner.

WHEREFORE, Petitioner Morgan Stanley, requests the following:

A. An order confirming the Award;

B. Granting such other and further relief as the Court deems just and proper.

Dated:  March 24, 2023

                                              Respectfully submitted,

                                              DILWORTH PAXSON LLP

By: _____
Yonit A. Caplow (018932012)
Dilworth Paxson LLP
2 Research Way
Princeton, New Jersey 08540
Tel: (609) 924-6000
Email: ycaplow@dilworthlaw.com

                                                          -and-

Ira N. Glauber
Dilworth Paxson LLP
99 Park Avenue, Suite 320
New York, New York 10016
Tel: (917) 675-4252

iglauber@dilworthlaw.com

*Attorneys for Petitioner Morgan Stanley Smith Barney, LLC*

## **CERTIFICATION OF NO OTHER ACTIONS**

Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration or administrative proceeding, except for an arbitration seeking contribution from Respondents of the "joint and several" portion of the Award referred to in paragraph 18 of the Petition.

Dated: March 24, 2023

                                                      Respectfully submitted,

                                                      DILWORTH PAXSON LLP

By: _/s/ Yonit Caplow_
                                                     Yonit A. Caplow (018932012)
                                                   Dilworth Paxson LLP
                                                   2 Research Way
                                                   Princeton, New Jersey 08540
                                                   Tel: (609) 924-6000
                                                   Email: ycaplow@dilworthlaw.com

                                                           -and-

                                                   Ira N. Glauber
                                                   Dilworth Paxson LLP
                                                   99 Park Avenue, Suite 320
                                                   New York, New York 10016
                                                   Tel: (917) 675-4252
                                                   iglauber@dilworthlaw.com

                                                   *Attorneys for Petitioner Morgan Stanley Smith Barney, LLC*

## VERIFICATION

STATE OF NEW YORK           )
                            ) ss:
COUNTY OF WESTCHESTER       )

**John P. Davis**, being duly sworn, deposes and states as follows:

I am an Executive Director in the Legal and Compliance Division of Petitioner Morgan Stanley Smith Barney LLC. I have read the annexed Verified Petition to Confirm Arbitration Award, know the contents thereof, and the same are true to my knowledge, except those matters which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon personal knowledge is based upon information contained in the corporate books and records of the Petitioner.

_____
John P. Davis

Sworn to before me this
23 day of March, 2023

_____
Notary Public

LINDA A. ROGGIERO
Notary Public, State of New York
No. 01RO6026828
Qualified in Westchester County
Commission Expires June 21, 2023

123175427-7                                     12