UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MORGAN STANLEY SMITH BARNEY LLC,

                    Petitioner,

   - against -

CHARLES SCHWAB & CO., INC.,
CHRISTOPHER R. ARMSTRONG, and
RANDALL B. KIEFNER,

                    Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 23-cv-1688

**DECLARATION OF
CHRISTOPHER C. COSS**

## DECLARATION OF CHRISTOPHER C. COSS

I, Christopher C. Coss, declare pursuant to 28 U.S.C. § 1746 as follows:

1.    I am an adult over 18 years of age and I am competent to provide this Declaration.

2.    I am an attorney at law and a member of the law firm of Coss & Momjian, LLP. I was lead counsel for Morgan Stanley Smith Barney LLC ("Morgan Stanley") in the arbitration giving rise to the February 27, 2023 Award that is the subject of this proceeding.

3.    I submit this Declaration in support of Morgan Stanley's motion for a Temporary Restraining Order and Preliminary Injunction restraining and enjoining Respondents Christopher R. Armstrong ("Armstrong") and Randall B. Kiefner ("Kiefner") from dissipating, disposing of, or transferring the monies paid to them by Morgan Stanley pursuant to the February 27, 2023 Award of the arbitrators (the "Award"), or any other assets, exclusive of any attorneys' fees and costs owed by Armstrong and Kiefner to their attorney in the arbitration, Clinton W. Marrs, up to $1,440,255.30 for each of the individual Respondents.

4.    Temporary injunctive relief by the Court is necessary pending resolution of an application by Morgan Stanley for a permanent injunction in an expedited hearing, that FINRA is required by Rule 13804 of the FINRA Rules of Arbitration Procedure to hold within 15 days

of the Court's temporary injunction, in a new arbitration being commenced by Morgan Stanley simultaneously herewith for contribution ordering Armstrong and Kiefner to pay their two-thirds proportionate share of the joint and several portions of the Award.

5. Attached hereto as Exhibit A is a true and correct copy of the Award dated February 27, 2023.

6. Attached hereto as Exhibit B is a true and correct copy of a letter dated March 3, 2023 that I sent to Clinton W. Marrs, counsel for Respondents Armstrong and Kiefner in the arbitration.

7. Attached hereto as Exhibit C is a true and correct copy of a letter dated March 10, 2023 that I sent to Mr. Marrs, counsel for the individual Respondents.

8. Attached hereto as Exhibit D is a copy of the Statement of Claim in the new FINRA arbitration commenced by Morgan Stanley on March 24, 2023 against Armstrong and Kiefner for contribution.

**The Facts**

9. Armstrong and Kiefner are former employees of Schwab, who resigned their employment at Schwab on or about March 29, 2019 and went to work for Morgan Stanley. Petition ¶ 9. Morgan Stanley terminated their employment on April 11, 2019 because Morgan Stanley determined that they had violated Morgan Stanley's transition policy, among other reasons. Id.

10. Schwab commenced the underlying arbitration in April 2019 against Morgan Stanley, Armstrong and Kiefner for, among other things, the alleged misappropriation of confidential documents and information. Petition ¶ 10. Armstrong and Kiefner filed a Cross-Claim against Morgan Stanley for breach of contract, among other claims.

11. There were approximately 20 days of evidentiary hearings in the arbitration throughout 2022. Petition ¶ 11. The Award was issued on February 27, 2023. See Ex. A.

12. The Award states that Morgan Stanley, Armstrong, and Kiefner, jointly and severally, must pay a total of $4,320,765.91 to Schwab in compensatory damages, legal fees, and costs, and about $50,000 to FINRA for its forum fees. See sections 1, 3, 4, and page 8 of the Award. The Award expressly stated that all of these portions of the Award were issued "jointly and severally," for a total joint and several obligation of $4,320,765.91 (the "Common Obligation").

13. In sections 5-8 of the Award, Morgan Stanley was also ordered to pay Armstrong more than $3 million, and to pay Kiefner approximately $1.5 million. Morgan Stanley is paying all of these amounts without offset by the March 29, 2023 due date of the Award (FINRA's rules require that all awards must be paid within 30 days of issuance of the award).

14. Section 12 of the Award stated that all requests for relief not specifically addressed in the Award were denied by the arbitrators. As noted in the 8th paragraph of the Case Summary section of the Award (on page 2), one of Armstrong's and Kiefner's cross-claims against Morgan Stanley was for contribution and indemnification, which the arbitrators did not grant in holding them jointly and severally liable. In four separate sections of the Award, the arbitrators ordered Armstrong and Kiefner to jointly and severally pay a total of $4,320,765.91 along with Morgan Stanley to Schwab and FINRA.

15. On March 3, 2023, I sent a letter to Clinton W. Marrs, counsel for Armstrong and Kiefner in the arbitration, asking him to confirm that Armstrong and Kiefner will pay Schwab and FINRA his clients' two-thirds proportionate share of the Common Obligation, which is $1,440,255.30 for each of them, and that if they pay it, Morgan Stanley would pay Schwab and

FINRA its one-third share of the Common Obligation. <u>See</u> Exhibit B. <u>See also</u> Morgan Stanley's accompanying Memorandum of Law, Point II B, for a discussion of the law with respect to contribution.

16. My March 3, 2023 letter stated that, in the alternative, Morgan Stanley would pay the entire Common Obligation to Schwab and FINRA. I also requested in this letter that Armstrong and Kiefner authorize Morgan Stanley to set off the amounts owed to it by Armstrong and Kiefner under the "joint and several" sections of the Award (sections 1, 3, 4, and page 8) against the amounts owed by Morgan Stanley to Armstrong and Kiefner under sections 5-8 of the Award. This letter stated that such a setoff would result in a net payment to Armstrong of $1,764,530.08, and a net payment to Kiefner of $87,530.08.

17. I sent a follow-up letter to counsel for Armstrong and Kiefner on March 10, 2023 (Exhibit C hereto). This letter reiterated Morgan Stanley's request that Armstrong and Kiefner pay their two-thirds proportionate share of the Common Obligation directly to Schwab and FINRA (with Morgan Stanley paying its one-third share).

18. My March 10, 2023 letter then stated as follows:

> [I]n the absence of an agreement, should Morgan Stanley be forced to cover your Clients' obligations to pay Schwab under the Award, Morgan Stanly would be compelled to commence legal action against them, seeking not only contribution (in the amount of $1,422,592.80 per person), but full indemnity under paragraph 8 of their Financial Advisor Employment Agreements . . . Morgan Stanley would also be compelled to commence legal action seeking, among other things, injunctive relief preventing Mr. Armstrong and Mr. Kiefner from dissipating or disposing of any monies paid to them by Morgan Stanley pending the outcome of the legal proceeding seeking contribution and/or indemnification.
>
> As you know, in the 8th paragraph of the Case Summary section of the Award, the Panel noted that "the AP Respondents"-- Mr. Armstrong and Mr. Kiefner -- has asserted a cause of action against Morgan Stanley for "contribution and indemnity." By virtue of the Panel's rulings in Sections 1, 3, 4, and 12 of the Award, the Panel made clear its intention for your clients to cover their proportional share of the joint and several liability amounts owed to Schwab (as well to FINRA).

My March 10th letter concluded by encouraging Armstrong and Kiefer to reach a mutual agreement with Morgan Stanley over the amount and mechanics of the payment to Schwab and FINRA.

19. Unfortunately, counsel for Armstrong and Kiefner rejected Morgan Stanley's proposal, thus requiring that Morgan Stanley commence this proceeding, with a request for injunctive relief, and a separate arbitration for contribution to obtain an award for Armstrong's and Kiefner's two-thirds proportionate share of the Common Obligation. <u>See</u> Morgan Stanley's Statement of Claim in the new arbitration (Exhibit D hereto).

20. Armstrong and Kiefner are more than willing to accept the monies awarded to them by the arbitration panel, but are simultaneously not agreeing to pay their two-thirds proportionate share of the $4,320,765.91 amount that they were jointly and severally ordered to pay in the Award. The panel held over 20 days of evidentiary hearings, the parties submitted hundreds of pages of legal briefing, and closing arguments alone took nearly a full day. The panel then unanimously found Armstrong and Kiefner jointly and severally liable in four separate portions of the Award which total $4,320,765.91.

21. In their Pre-Hearing Brief to the arbitrators, Armstrong and Kiefner emphasized that the arbitrators sit as a panel in equity and are to render a decision based on equitable principles. They cited the FINRA Arbitrator's Guide which states that an arbitrator is to do equity and reach an equitable result. Yet they now ignore their equitable obligation to pay contribution for the joint and several portions of the Award entered against them.

22. Morgan Stanley is paying the full amount owed to Armstrong and Kiefner without offset, and it is also paying the full amount of the Common Obligation to Schwab and FINRA even though Armstrong and Kiefner are jointly and severally liable with Morgan Stanley for

two-thirds of those amounts. It is only fair that the Court protect Morgan Stanley against ending up with an uncollectible award on its claim for contribution against Armstrong and Kiefner during the brief period until the FINRA arbitrators rule on the application for a permanent injunction.

### The Need for Temporary Injunctive Relief

23. According to the arbitration testimony, Kiefner has been unemployed since late 2021 and earned no income whatsoever in all of 2022. In 2020 and 2021, his total income was insubstantial and considerably less than what he earned in the 2016-2018 time frame.

24. According to his testimony, Armstrong is a financial advisor for a brokerage firm that only pays him commissions and no salary. Based on his testimony, in 2019 he earned nothing after leaving Schwab and Morgan Stanley. In 2020, he earned virtually nothing for the entire year. Armstrong further testified that in 2021 and 2022, his income was vastly less than his income in the years 2016-2018 at Schwab because he had to try to build up his book of business from scratch, working only on commission. Armstrong also testified that the only way he made ends meet was to withdraw significant funds from his retirement account.

25. If the Court grants Morgan Stanley's injunction request, Armstrong will still have a large amount of money from the $3 million that will be paid to him because the injunction sought by Morgan Stanley is limited to $1.4 million, exclusive of any attorneys' fees and costs owed by Armstrong and Kiefner to their attorney in the arbitration.

26. I declare under penalty of perjury this 24th day of March 2023 that the foregoing is true and correct.

_____
Christopher C. Coss