**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MORGAN STANLEY SMITH BARNEY LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **CHRISTOPHER ARMSTRONG**, *et al.*, <br><br> Defendants. | Civil Action No. 23-01688 (ZNQ) (TJB) <br><br> **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon Petitioner Morgan Stanley Smith Barney, LLC's ("Petitioner" or "Morgan Stanley") Petition ("Petition") and Motion to Confirm the Arbitration Award ("the Motion", ECF Nos. 1, 3). Petitioner filed a Memorandum of Law in Support of Petition to Confirm ("Moving Brief", ECF No. 3-1), along with a Reply. ("Reply Br.", ECF No. 19.) Respondents Christopher R. Armstrong ("Armstrong") and Randall B. Keifner ("Keifner") filed a Response ("Employee Response", ECF No. 5). Respondent Charles Schwab & Co., Inc. ("Schwab") filed a separate response to the Motion to Confirm Arbitration Award. (ECF No. 15.) Morgan Stanley filed a letter in further support of its Motion. (ECF No. 20.)

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

For the reasons set forth below, the Court will GRANT Petitioner's Motion to Confirm the Arbitration Award.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

On April 11, 2019, Armstrong and Kiefner, who had been employees of Petitioner as Financial Advisors since March 29, 2019, were terminated based in part on allegations of violations of Petitioner's transition policy. (Petition ¶ 10.) Prior to their employment with Petitioner, Armstrong and Keifner had been employed at Schwab under the same position.

Schwab began the underlying arbitration, <u>Charles A. Schwab & Co., Inc. v. Morgan Stanley, Christopher R. Armstrong and Randall B. Kiefner</u>, FINRA Case No. 19-00948 on April 5, 2019. In the arbitration, Schwab alleged that Armstrong and Kiefner had misappropriated its confidential information. (*Id.* ¶ 11.) In response, they filed a Cross-Claim against Morgan Stanley on June 14, 2019 asserting tortious interference with an actual business relationship and contract; tortious interference with a prospective business relationship and contract; breach of contract; breach of covenant of good faith and fair dealing; promissory estoppel; contribution and indemnity; civil conspiracy; defamation; and expungement of Form U5. (*Id.* ¶ 12.)

After over twenty days of evidentiary hearings, the Arbitration Panel ("Panel") issued its Award. In its Award, the Panel found that, *inter alia*, Morgan Stanley, Armstrong and Keifner were jointly and severally liable to Schwab for the following: $3,026,485.44 in compensatory damages, $104,833.89 in costs, $1,136,459.08 in attorneys' fees pursuant to Defend Trade Secrets Act of 2016, DTSA, Section 1836; FL-UTSA, Section 688.005; NJ-UTSA, Section 56:15-6, as provided for in Armstrong and Keifner's Agreements with Claimant. (ECF No. 1-1) The Award also included an assessment of $52,987.50 in hearing session fees to be which was the joint and several liability of Respondents and $52,987.50 was owed to FINRA for forum fees. *Id.*

The amounts for which the parties incurred joint and several liability totaled $4,320,765.91. Divided by three—Morgan Stanley, Armstrong, and Keifner—comes out to $1,440,255.30. In March 2023, Armstrong and Keifner informed Morgan Stanley that they would not be paying any portion of the amount owed to Schwab. Morgan Stanley paid the full amount due to Schwab in April 2023.[1] (ECF No. 20)

## II.  LEGAL STANDARD

Within one year after the entry of an arbitration award, "any party to the arbitration may apply to [a district court in the district where the award was made] for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "Courts play a very limited role in reviewing the decision of an arbitrator appointed pursuant to a collective bargaining agreement." *Citgo Asphalt Refining Co. v. PACE Int'l Union, Local No. 2-991*, 385 F.3d 809, 815 (3d Cir. 2004).

A court reviews an arbitration award "under an 'extremely deferential standard,' the application of which 'is generally to affirm easily the arbitration award.'" *Hamilton Park Health Care Ctr. v. 1199 SEIU United Healthcare Workers E.*, 817 F.3d 857, 861 (3d Cir. 2016) (quoting *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003)).

"There is a strong presumption under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, in favor of enforcing arbitration awards." *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005). Courts will vacate an award only under the "exceedingly narrow circumstances" listed in 9 U.S.C. § 10(a). *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 251 (3d Cir. 2013). Additionally, a court may refuse to enforce an award that violates law or a "well-defined and dominant" public policy. *Exxon Shipping Co. v. Exxon Seamen's Union*, 993

---

[1] In a subsequent arbitration, Morgan Stanley now seeks contribution from Armstrong and Keifner.

F.2d 357, 360 (3d Cir.1993). "[A] court's refusal to enforce an arbitrator's interpretation of [a] contract is limited to situations where the contract as interpreted would violate 'some explicit public policy' that is 'well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 43 (1987) (quoting *W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 766 (1983) (internal quotation marks omitted)).

### III.  DISCUSSION

The parties do not dispute the Arbitration Award. Morgan Stanley, Armstrong, and Keifner request that it merely be confirmed. Morgan Stanley submitted a proposed order to that effect. (ECF No. 11.) Schwab, however, requests that the Award be confirmed and that judgment be entered "which mirrors the Award's terms." *Id.* It supplies a competing proposed order that it argues accomplishes this goal. (ECF No. 15.) Schwab states that it will execute a satisfaction of judgment once payment from Morgan Stanley cleared. In the meantime, however, Morgan Stanley has since confirmed that its payment has cleared. *See* Response in Support of Motion for Confirmation of the Arbitration Award; April 17, 2023 Letter in Support of its Motion (ECF No. 20) (confirming its payment of $7,294,263.85, which was inclusive of the amount it owed individually, had cleared.[2]) *Id.*

Having reviewed the parties' competing submissions, the Court agrees that Morgan Stanley has established that it has satisfied the terms of the Arbitration Award. In any event, the Court sees no benefit to adopting Schwab's proposed order that selectively quotes from the Award. This is more likely to lead to confusion as to why certain portions were included while others were

---

[2] The Award states that Morgan Stanley was individually liable to Charles Schwab $3,026,485.44 in punitive damages pursuant to Federal and Florida law, and New Jersey Trade Secrets Statutes (DTSA, Section 1836; FL-UTSA, Section 688.004; NJ-UTSA, Section 56:15-4) and New Jersey's Unfair Competition Statute (N.J.S.A. Section 56:4-2), in addition to the amount for which it was jointly and severally liable.

omitted.  The Court will instead enter the proposed form Order supplied by Morgan Stanley that it is "ordered, adjudged, and decreed" that the Award is "confirmed in all respects."

## IV. CONCLUSION

For the reasons set forth above, Morgan Stanley's Motion to Confirm the Arbitration Award will be GRANTED.  An appropriate order will follow.

Date: **October 31, 2023**

                                              /s/ Zahid N. Quraishi
                                              **ZAHID N. QURAISHI**
                                              **UNITED STATES DISTRICT JUDGE**